# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

**ERIC OBUYGYEI,**

*Plaintiff*

**vs.**

**OFFICER FORROD BONSU, OFFICER MICHAEL KOENIG, and the CITY OF HACKENSACK,**

*Defendants*

Civil Action No. 2:26-cv-1564-JKS-JBC

**CIVIL ACTION**

**NOTICE OF MOTION TO DISMISS COUNT TWO OF THE COMPLAINT AGAINST FORROD BONSU AND MICHAEL KOENIG AND TO DIMISS ALL CLAIMS AGAINST THE CITY OF HACKENSACK**

---

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS COUNT TWO OF PLAINTIFF'S COMPLAINT AGAINST POLICE OFFICERS FORROD BONSU AND MICHAEL KOENIG AND TO DISMISS COUNTS ONE AND TWO OF THE COMPLAINT AGAINST THE CITY OF HACKENSACK**

---

Richard Malagiere (Attorney ID: 037951996)
Leonard E. Seaman (Attorney ID: 35021990)
THE LAW OFFICES OF RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
250 Moonachie Road, Suite 300A
Moonachie, New Jersey 07074
Tel: (201) 440-0675
Attorneys for Defendants, Forrod Bonsu, Michael Koenig, and City of Hackensack

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

STATEMENT OF FACTS ...............................................................................1

LEGAL ARGUMENT .....................................................................................6

    I.     THE LEGAL STANDARD ...................................................6

    II.    THE COMPLAINT FAILS TO PLEAD THE ELEMENTS
           OF A CLAIM BASED ON FABRICATION OF EVIDENCE
           AND AS SUCH COUNT TWO OF THE COMPLAINT
           SHOULD BE DISMISSED ...............................................10

    III.   THE COMPLAINT FAILS TO STATE A CLAIM AGAINST THE
           CITY UNDER MONELL AND AS SUCH THE CITY OF
           HACKENSACK SHOULD BE DISMISSED FROM THE
           INSTANT LAWSUIT .......................................................11

CONCLUSION ...........................................................................................13

i

# TABLE OF AUTHORITIES

**Cases**

*Andrews v. City of Philadelphia,*
   895 F.2d 1469 (3d Cir. 1990) ......................................................................8

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009).....................................................................................4

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007).....................................................................................4

*Bielevicz v. Dubinon,*
   915 F.2d 845 (3d Cir. 1990) .........................................................................8

*Brown v. City of Pittsburgh,*
   586 F.3d 263 (3d Cir. 2009) .........................................................................9

*City of Oklahoma City v. Tuttle,*
   471 U.S. 808 (1985).....................................................................................9

*Conley v. Gibson,*
   355 U.S. 41 (1957).......................................................................................4

*Est. of Roman v. City of Newark,*
   914 F.3d 789 (3d Cir. 2019) .........................................................................8

*Gomez v. Toledo,*
   446 U.S. 635 (1980).....................................................................................5

*Halsey v. Pfeiffer,*
   750 F.3d 273 (3d Cir. 2014) ......................................................................6, 7

*Losch v. Borough of Parkesburg, Pa.,*
   736 F.2d 903 (3d Cir. 1984) .........................................................................8

*Monell v. Dep't of Social Servs.,*
   436 U.S. 658, 694 (1978) ..........................................................................7, 8

*Phillips v. County of Allegheny*,
 515 F.3d 224 (3d Cir. 2008) ..............................................................................3

*Rivkin v. Dover Twp. Rent Leveling Bd.*,
 143 N.J. 352, cert. denied, 519 U.S. 911 (1996) ...............................................5

**Rules**

*Fed. R. Civ. P.* 12 (b)(6)...................................................................................3, 4

*Fed. R. Civ. P.* 8(a)(2) .......................................................................................3

## STATEMENT OF FACTS

This is a federal civil rights action brought under 42 *U.S.C.* § 1983 against the City of Hackensack (the "City") and two of its police officers, Forrod Bonsu and Michael Koenig (Declaration of Leonard E. Seaman, Exhibit A, Complaint ¶¶1, 5-7). Plaintiff's complaint alleges that defendants violated his Fourth and Fourteenth Amendment rights when he was prosecuted and acquitted on charges that included making terroristic threats and harassment (Compl. ¶¶ 13, 15). The facts set forth below are drawn solely from plaintiff's complaint.

Both plaintiff and Officer Bonsu were allegedly in a relationship with Jocelyn DeGroat (Compl. ¶ 8). Plaintiff alleges that Ms. DeGroat operated a brothel in the City where illegal narcotics and firearms were sold and Ms. Degroat committed other crimes. (Compl. ¶ 9). According to the complaint Officers Bonsu and Koenig provided protection to this criminal enterprise in exchange for bribes (Compl. ¶ 10).

Plaintiff asserts that on April 24, 2023, Ms. DeGroat made threats against him when he tired to break off their relationship and that he responded to those threats by threatening to report the criminal activity to local and federal law enforcement (Compl. ¶ 12). The complaint alleges that he was arrested and charged with the crimes noted above "[o]n April 15, 2023, based on the false reporting of Defendants Bonsu and Koening" (Compl. ¶ 13) which lead to his subsequent indictment on those charges (Compl. ¶ 14).

1

The complaint contends that Officers Bonsu and Koening manipulated evidence to show that Ms. DeGroat had contacted the police complaining that he was threatening her (Compl. ¶ 17), cut and altered bodycam footage (Compl. ¶ 18) destroyed documents related to the case (Compl. ¶ 19), and altered video footage of plaintiff when he was in an examination room at the police station (Compl. ¶ 20).

In an attempt to support his claim against the City, plaintiff provides a rendition of five scandalous claims made against department officials, the most recent of which is alleged to have happened ten years ago. They include: (1) civil lawsuits beginning in 2009 by police employees against the Chief of Police, Charles Ken Zisa alleging that they would be punished by Chief Zisa if they refused to donate to political campaigns that were resolved through settlements (Compl. ¶ 21); (2) the 2010 suspension of police officer Anthony Ferrioli for posing as an internal affairs officer (*Ibid.*): (3) criminal charges brought against former Chief Zisa in 2010 for insurance fraud that were ultimately dismissed on appeal (*Ibid.*); (4) a settlement of a harassment/discrimination claim by a female police officer who claimed she was retaliated against for resisting the sexual advances of former Chief Zisa's brother who was a deputy chief; and, (5) the 2016 resignation of then Civilian Police Director, Michael Mordaga amid allegations that he overstepped his authority by conducting criminal investigations and by participating in internal affairs investigations (*Ibid.*).

2

Plaintiff also includes other salacious allegations against Mr. Mordaga by the family of an alleged mobster for acts he allegedly committed when he worked for another law enforcement agency – the Bergen County Prosecutor's Office (Compl. ¶ 21).

While plaintiff alleges that he was incarcerated pending trial, He admits in his complaint that he was found not guilty on April 8, 2025 and subsequently released (Compl. ¶ 15, 16).

## LEGAL ARGUMENT

### I.    THE LEGAL STANDARD

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to *Fed. R. Civ. P.* 12 (b)(6), a court must accept all well-pleaded allegations in the complaint as true, "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted).

Under *Fed. R. Civ. P.* 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Rule* 8 does not require "detailed factual allegations," but does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

3

(2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 557.

In *Twombly*, the Supreme Court clarified the *Fed. R. Civ. P.* 12(b)(6) standard. Specifically, the *Twombly* Court "retired" the language contained in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 546 (quoting *Conley*, 355 U.S. at 45-46). Instead, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 548.

Under *Twombly*, a civil complaint must go beyond providing mere notice — it must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (2007). In explaining what "plausibility" means, the Court said "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (2009).

As the Supreme Court explained in *Twombly*, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, … a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires

4

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Twombly*, 550 U.S. at 555 (citations omitted). Therefore, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 548.

In explaining what "plausibility" means, the Court said, as to claims asserted under Rule 8, that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (2009).

Regarding each of the claims under 42 U.S.C. §1983, plaintiff must allege (1) that some "person" has deprived it of a federal right; and (2) the "person" was acting under color of state or territorial law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

After identifying the person acting under color of law that caused an alleged deprivation of rights, plaintiff must next identify the "right, privilege or immunity secured to the claimant by the Constitution or other federal laws." *Rivkin v. Dover Twp. Rent Leveling Bd.*, 143 N.J. 352, 363, cert. denied, 519 U.S. 911 (1996). "This second step is necessary because § 1983 'is not itself a source of substantive rights,' but merely provides 'a method [for] vindicating federal rights elsewhere conferred.'" *Id.* (internal citation omitted).

Plaintiff failed to plausibly plead all the elements to support his claim that Officers Bonsu and Koening violated his Fourteenth Amendment rights by allegedly falsifying evidence. On the contrary, the allegations in the complaint demonstrate he can never make this claim since he alleges he was acquitted at trial (Compl. ¶ 15). Because of this, count two of the complaint should be dismissed. Likewise, even the most generous reading of the allegations against the City fails to make out a claim that would make it liable to plaintiff for a purported *de facto* policy or custom to conceal evidence or manufacture charges or to fail to properly train or supervise its officers.

For these reasons, count two of the complaint should be dismissed as to all defendants and the remaining claims against the City should dismissed in their entirety.

**II.    THE COMPLAINT FAILS TO PLEAD THE ELEMENTS OF A CLAIM BASED ON FABRICATION OF EVIDENCE AND AS SUCH COUNT TWO OF THE COMPLAINT SHOULD BE DISMISSED.**

In *Halsey v. Pfeiffer*, 750 F.3d 273 (3d Cir. 2014), the Third Circuit considered whether fabrication of evidence would support a standalone claim under § 1983 or if that claim would always fall within an allegation of malicious prosecution. While the Third Circuit allowed fabrication of evidence claims in limited circumstances, its holding in *Halsey* does not apply here.

6

Rather, after an extensive review of the case law, the Court stated, "we hold that **if a defendant has been convicted at a trial** at which the prosecution has used fabricated evidence, the defendant has a stand-alone claim under section 1983 based on the Fourteenth Amendment if there is a reasonable likelihood that, without the use of that evidence, the defendant would not have been convicted." *Halsey*, 750 F.3d  at 294 (emphasis added).

The facts alleged here are that plaintiff was not convicted at his criminal trial (Compl. ¶ 15). This appears to be because—as plaintiff contends—the evidence was easily refuted (Compl. ¶ 17, 18, 20). Thus, while the claims related to the purportedly fabricated evidence may be used to address plaintiff's allegations of malicious prosecution (as put forth in count one of the complaint), those claims do not provide a basis for the standalone claim asserted in count two. That claim should be dismissed.

### III.    THE COMPLAINT FAILS TO STATE A CLAIM AGAINST THE CITY UNDER *MONELL* AND AS SUCH THE CITY OF HACKENSACK SHOULD BE DISMISSED FROM THE INSTANT LAWSUIT.

A Section 1983 claim against a municipality cannot be predicated on a respondeat superior theory. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978) ("a municipality cannot be held liable under § 1983 on a respondeat superior theory"). Instead, a municipality "may be sued under § 1983 only for acts implementing an official policy, practice  or custom." *Losch v. Borough of*

*Parkesburg, Pa.*, 736 F.2d 903 (3d Cir. 1984); *see also Monell*, 436 U.S. at 694 ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Est. of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Est. of Roman*, 914 F.3d at 798 (*quoting Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). Once a plaintiff identifies the policy or custom that led to his or her injury, he or she "must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." *Bielevicz*, 915 F.2d at 850 (*citing Andrews*, 895 F.2d at 1480). "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries...by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation he alleges." *Est. of Roman*, 914 F.3d at 798 (citations omitted). Where a *Monell* claim against a municipality is predicated on a custom, a

8

plaintiff may establish the existence of said custom and causation by showing that "policymakers were aware of similar unlawful conduct in the past, but failed to take precautions against future violations, and that this failure, at least in part, led to their injury." *Bielevicz*, 915 F.2d at 851. Additionally, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing … municipal policy, which policy can be attributed to a municipal policymaker." *Brown v. City of Pittsburgh*, 586 F.3d 263, 292 (3d Cir. 2009) (quoting *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985) (plurality opinion)).

The complaint here falls far short of the allegations necessary to support a *Monell* claim. Plaintiff relies on civil, employment discrimination claims brought against former Police Chief Zisa that were settled, a suspension of Officer Ferraioli for impersonating an internal affairs investigator, criminal charges against former Police Chief Zisa for which he was ultimately acquitted, the settlement of a sexual harassment claim against former Deputy Chief Frank Zisa, and allegation that former Civilian Police Director Michael Mordaga acted outside his lawful authority (Compl. ¶ 21).

None of the purported *de facto* policies relate to fabrication of evidence which is the crux of plaintiff's claims here. Not only has plaintiff failed to plead that the conduct related amounts to a policy or procedure under *Monell*, he has also failed

9

to show that the alleged "policies" were a proximate cause of the wrongful acts the officers allegedly undertook in his case. Plaintiff has failed to plead a case for liability of the City under *Monell*. The claims against the City of Hackensack should be dismissed in their entirety.

## **CONCLUSION**

For the reasons set forth above, it is respectfully submitted that all claims against the City of Hackensack should be dismissed and that the count two of the claim against Officers Bonsu and Koenig should also be dismissed.

Respectfully submitted,

s/ Leonard E. Seaman
Richard Malagiere
Leonard E. Seaman
THE LAW OFFICES OF RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
250 Moonachie Road, Suite 300A
Moonachie, New Jersey 07074
Tel: (201) 440-0675
rm@malagierelaw.com
les@malagierelaw.com
Attorneys for Defendants, Forrod Bonsu,
Michael Koenig, and City of Hackensack

Dated: April 20, 2026

10