## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ERIC OBUYGYEI,** | CIVIL ACTION |
| *Plaintiff*, | |
| | NO. 26-1564 |
| *v.* | |
| | NEWARK VICINAGE |
| **OFFICER FORROD BONSU** | |
| Hackensack Police Department | JURY TRIAL DEMANDED |
| 225 State Street | |
| Hackensack, NJ 07601 | |
| | |
| -and- | |
| | |
| **OFFICER MICHAEL KOENIG** | |
| Hackensack Police Department | |
| 225 State Street | |
| Hackensack, NJ 07601 | |
| | |
| -and | |
| | |
| **THE CITY OF HACKENSACK** | |
| 65 Central Avenue | |
| Hackensack, NJ 07601, | |
| | |
| *Defendants*. | |

## ORDER

AND NOW, this _____ day of _____, 202__, it is hereby ORDERED and

DECREED that Defendants' Motion to Dismiss is DENIED.

**BY THE COURT:**

_____
                                        **, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **ERIC OBUYGYEI,** | : | **CIVIL ACTION** |
| *Plaintiff*, | : | |
| | : | **NO. 26-1564** |
| *v.* | : | |
| | : | **NEWARK VICINAGE** |
| **OFFICER FORROD BONSU** | : | |
| Hackensack Police Department | : | **JURY TRIAL DEMANDED** |
| 225 State Street | : | |
| Hackensack, NJ 07601 | : | |
| | : | |
| -and- | : | |
| | : | |
| **OFFICER MICHAEL KOENIG** | : | |
| Hackensack Police Department | : | |
| 225 State Street | : | |
| Hackensack, NJ 07601 | : | |
| | : | |
| -and | : | |
| | : | |
| **THE CITY OF HACKENSACK** | : | |
| 65 Central Avenue | : | |
| Hackensack, NJ 07601, | : | |
| | : | |
| *Defendants*. | : | |
| | : | |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

**I.    PRELIMINARY STATEMENT**

Defendants Forrod Bonsu, Michael Koenig, and the City of Hackensack ("Defendants" or "City Defendant") incorrectly state the law in relation to the Fabrication of Evidence cause of action and incorrectly cite to *Halsey v. Pfeiffer*, 750 F.3d 273 (3d Cir. 2014) for their false position.

Contrary to City Defendant's false assertions, Plaintiff has extensively detailed facts that corroborate his municipal liability claims.

2

Defendants' claims are without merit.   Therefore, Defendants' Rule 12(b)(6) Motion should be denied in its entirety.   Alternatively, Plaintiff requests that this Court allow him leave to amend his Complaint should this Court deem that Plaintiff's allegations require factual supplementation which can easily be done by adding additional facts.

## II.   RELEVANT PROCEDURE

Plaintiff filed a Complaint in the present matter on February 17, 2026.  Doc. 1.  Defendants filed a Rule 12(b)(6) Motion to partially Dismiss Plaintiff's Complaint on April 20, 2026.  Doc. 5.

## III.   ARGUMENT

**Standard of Review for 12(b)(6) Motion to Dismiss**

In order to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A reviewing court "must accept the factual allegations in the complaint as true, . . . [but is] not bound to accept —legal conclusions . . ." *Mankodi v. Trump Marina Associates, LLC*, 2013 U.S. App. LEXIS 9180 (3d Cir. 2013), at 4 (quoting *Ashcroft*, 556 U.S. at 678).

**A.   There is no requirement for a conviction in order to bring a Fabrication of Evidence claim.**

Defendants miscite and purposefully misstate the law. The law could not be any clearer from the page to which Defendants cite.  Defendants falsely state that there is no standalone claim for fabrication of evidence.  Doc. 5-1, at p. 6.  This is untrue.  Therefore, Defendants' Motion to Dismiss should be denied or Plaintiff should be permitted to amend his Complaint.

"[W]e reject the contention that there cannot be a stand-alone Fourteenth Amendment claim predicated on the fabrication of evidence." *Halsey*, 750 F. 3d at 294.

Plaintiff brought his claims pursuant to the Fourth and Fourteenth Amendments and specifically stated that the fabrication of evidence claim was brought pursuant to the Fourteenth Amendment.  Doc. 1, at ¶¶2-3, 22, 24-26, 49.

Defendants misstate the law and misstate the Complaint.  This does not provide a basis for dismissal.   Therefore, Defendants' Motion to Dismiss should be denied.  Alternatively, Plaintiff requests leave to amend to add additional factual allegations.

**B.**    ***Monell* liability is properly pled.**

City Defendant again effectively ignores the Complaint.   At this level and prior to discovery, the claims against City Defendant – effectively failure to train and failure to supervise – are appropriately pled.  City Defendant cannot reasonably excuse itself at the pleading level and cannot ignore Plaintiff's pleading.  Therefore, City Defendant's Motion should be denied.

Federal pleading is notice pleading and Plaintiff has complied with same.   *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a Rule 12(b)(6) motion to dismiss, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff.  *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

"[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government, as an entity, is responsible under § 1983." *Monell v. New York Dept. of Soc. Services*, 436 U.S. 658, 694 (1978).  Notably, however, policymakers within a municipal entity are responsible for the policies they promulgate.  *See Andrews v. City of Philadelphia*, 895 F.2d 1469, 1481 (E.D.Pa. 1990).  "It is for the jury to determine whether *their* [policymakers'] decisions

4

have caused the deprivation of rights at issue by policies which affirmatively command that it occur . . . or by acquiescence in a long-standing practice or custom which constitutes the 'standard operating procedure' of the local governmental entity." *Id.*

The *Monell* issue was addressed by the District Court for the Eastern District of Pennsylvania and the Third Circuit in *Dennis*. *See Dennis v. City of Phila.*, 19 F.4th 279 (3d Cir. 2021).

Presently, Plaintiff has cited to extensive violations that lead to the conclusion at this level or any level that there is a custom and *de facto* policy of mishandling evidence and witnesses (through lack of training and supervision) at City Defendant:

> The Hackensack Police Department has been rife with corruption and criminality and there has been inadequate oversight, training, and supervision to correct same. In 2009, there were 21 filed lawsuits against the city and former Police Chief Ken Zisa. Some alleged that the former chief had coerced them to contribute to his campaigns for public office and punished them when they declined. The city has paid more than $8 million to settle such complaints. In 2010, Anthony Ferraioli, a police officer and the police union president, was suspended for six months after it was determined that he posed as an internal affairs officer in an internet forum. In 2010, Ken Zisa, the former police chief, surrendered to the Bergen County Prosecutor's Office on a charge of insurance fraud stemming from a 2008 car accident in which his girlfriend at the time hit a pole with her car. Zisa was accused of ordering police officers to falsify their reports and taking his girlfriend from the scene before a sobriety test could be conducted. Zisa was convicted of fraud and other charges, but they were overturned on appeal. In 2012, the city paid $2.48 million to a department dispatcher and former girlfriend of Zisa's brother, Frank, who was Hackensack's deputy police chief. Alessandra Viola alleged that she faced disciplinary charges after she resisted sexual advances by both Ken and Frank Zisa and shielded officers from the chief's attempts to intimidate them to vote for certain candidates in a 2008 union election. In 2016, Civilian Police Director Michael Mordaga resigned amid lawsuits that alleged he had overstepped the legal authority of his position by conducting interrogations of criminal suspects and becoming involved in internal affairs investigations. In 2016, the last two of four police

lawsuits that claim Mordaga retaliated against police officers, failed to act on complaints of harassment or overstepped his authority, were settled. Mordaga has since been named in a federal lawsuit brought by the family of alleged mobster Frank P. Lagano. The family claims that while Mordaga was the Bergen County Chief of Detectives, he and others in the Prosecutor's Office leaked Lagano's identity as a state informant and, as a result, caused his execution-style murder. Sergeant Sara Malvasia filed a federal lawsuit alleging that city police officers covered up for her husband, Niles Malvasia, who was also a police officer, after he beat her and prevented her from going to work. Niles Malvasia suffered from post-traumatic stress disorder, or PTSD, as a result of witnessing the October 2015 shooting of Jose Ronaldo Santos-Alvarez. He had been "acting erratically and violently" ever since, his wife said in the suit. Niles Malvasia retired from the department. These examples exhibit a custom and *de facto* policy of false reporting, evidence manipulation and coverup, lack of oversight, and misuse of the criminal justice process without any oversight or rectification for bad acts. These *de facto* policies and customs are continuing and continued up until 2023 when plaintiff was arrested. *See, e.g., Zisa v. Haviland, et al.*, 17-cv-5551 (DNJ); *Sharif v. City of Hackensack*, 17-cv-12410 (DNJ); *Luna-Diaz v. City of Hackensack Police Department*, 16-cv-3270 (DNJ).

Doc. 1, ¶21.

Defendant the City of Hackensack took no preventative or corrective action such as adequate training or discipline and allowed known illegal customs and practices to continue both prior to and subsequent to Plaintiff's arrest and prosecution.

Doc. 1, ¶28.

Defendant the City of Hackensack had and continues the have a custom and *de facto* policy manipulating and falsifying evidence and covering up same by misusing the criminal justice system and this is exhibited by Defendant the City of Hackensack having taken no remedial action in Plaintiff's case and other similar cases.

Doc. 1, ¶35.

For at least twenty years prior to Plaintiff's arrest, Defendant the City of Hackensack implemented, oversaw, and failed to correct a custom and *de facto* policy whereby its officers routinely concealed

6

> evidence and manufactured charges against individuals to cover up baseless use of police criminality and corruption.
>
> Defendant the City of Hackensack continues the custom and policy by having taken no remedial action in Plaintiff's case and other cases and by failing to train, supervise, and discipline officers such as the individual Defendants.

Doc. 1, ¶¶47-48.

City Defendant ignores the Complaint and the law. There is *Monell* liability based upon the Complaint, the standard of review, and the law. The "custom and *de facto* policy of false reporting, evidence manipulation and coverup, lack of oversight, and misuse of the criminal justice process without any oversight or rectification for bad acts. These *de facto* policies and customs are continuing and continued up until 2023 when plaintiff was arrested." Doc. 1, ¶21. This liability also encompasses to failure to intervene. *See Dennis*, 279 F.Supp. at 433-436. Contrary to City Defendant's false assertion, the context of the occurrence is not dispositive. Instead, the lack of training and supervision to manipulate legal processes is central and that has been fully pled. Therefore, City Defendant's Motion should be denied or Plaintiff respectfully requests leave to amend.

## IV.    CONCLUSION

WHEREFORE, based on the forgoing, Plaintiff requests that Defendants' Motion to Dismiss be denied in its entirety or that, in the alternative, that Plaintiff be permitted to amend his Complaint which can be easily done by adding several facts, if required.

Respectfully submitted,

O'Hanlon Schwartz, P.C.

_____
STEPHEN T. O'HANLON, ESQUIRE

7

May 4, 2026

## <u>CERTIFICATE OF SERVICE</u>

I, Stephen T. O'Hanlon, Esquire, hereby certify that the attached Response to Defendants' Motion to Dismiss has been filed with the Court by electronic filing and will be sent to the following by opt-in electronic email via the Court's e-filing system:

All counsel for all Defendants

O'Hanlon Schwartz, P.C.

_____
STEPHEN T. O'HANLON, ESQUIRE

May 4, 2026

**O'HANLON SCHWARTZ, P.C.**
BY:  Stephen T. O'Hanlon, Esquire (NJ Bar # 027612008)
Attorneys for Plaintiff
2 Penn Center, Suite 1410
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Tel:  (267) 546-9066
Fax: (215) 563-6617
steve@ohanlonschwartz.com