THE LAW OFFICES OF

# RICHARD MALAGIERE

A PROFESSIONAL CORPORATION

www.malagierelaw.com

| **Richard Malagiere**<br>*Member NJ & NY Bar*<br>*Registered Patent Attorney* | 250 MOONACHIE ROAD<br>SUITE 300A<br>MOONACHIE, NJ 07074<br>201.440.0675<br>FAX: 201.440.1843 | 100 CHURCH STREET<br>SUITE 800<br>NEW YORK, NEW YORK 10007<br>212.879.5580<br>FAX: 212.879.5583 | **Michael Kahn**<br>*Registered Patent Agent*<br>**Leonard E. Seaman**<br>*Certified Civil Trial Attorney*<br><br>Of Counsel<br>**Frank D. Rivellini**<br>**Francis J. DeVito** |

**\*REPLY TO NJ OFFICE**

Writer's Direct Dial: 201.509-4180
Writer's e-mail: les@malagierelaw.com

May 12, 2026

**VIA CM/ECF**
The Honorable Jamel K. Semper, U.S.D.J
United States District Court
District of New Jersey
Frank Lautenberg Post Office & U.S. Courthouse
2 Federal Square – Courtroom 3
Newark, New Jersey 07102

> **Re:    OBUYGYEI v. BONSU et al**
> **Civil Action No.:  2:26-cv-01564-JKS-JBC**

Dear Judge Semper:

This office represents defendants, Forrod Bonsu, Michael Koenig, and the City of Hackensack in the above matter. Please accept this letter in lieu of a more formal reply brief in support of defendants' motion to dismiss count two of the complaint against defendants Bonsu and Koenig and to dismiss all claims against the City.

# LEGAL ARGUMENT

### I.     Plaintiff cannot assert a standalone claim based on fabrication of evidence. Count two should be dismissed.

Contrary to plaintiff's assertion, defendants' moving brief acknowledged that in *Halsey v. Pfeiffer*, 750 F.3d 273 (3d Cir. 2014), "the Third Circuit allowed fabrication of evidence claims *in limited circumstances*" (ECF No. 5-1 at 10) (emphasis added). Those circumstances are not—and never will be—present here, so the claim must be dismissed.

In *Halsey*, the Third Circuit held that "if a defendant has been convicted at a trial at which the prosecution has used fabricated evidence, the defendant has a stand-alone claim under section 1983 based on the Fourteenth Amendment if there is a reasonable likelihood that, without the use of that evidence, the defendant would not have been convicted." *Halsey*, 750 F.3d at 294.

Since the plaintiff was "adjudicated not guilty as to all charges" at his criminal trial (Compl. ¶ 30), the first element of a standalone claim under *Halsey* (a criminal conviction) can never be met. Plaintiff was not convicted because of the allegedly fabricated evidence because plaintiff was never convicted at all.

Plaintiff cannot plead any additional facts that will alter that analysis. His standalone claim based on the alleged fabrication must be dismissed, and his alternative request for leave to amend to revive count two to attempt to revive his unrevivable claim should be rejected.

## II.      Plaintiff's conclusory allegations are not enough.

When considering a motion to dismiss, the court must disregard any conclusory allegations proffered in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir.2009). The court is free to ignore legal conclusions or factually unsupported accusations which merely state "the-defendant-unlawfully-harmed-me[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, *citing Twombly*, 550 U.S. at 556.

As the Supreme Court explained, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions. Threadbare recitals of a cause of action's elements, supported by mere conclusory statements, do not suffice." *Iqbal*, 550 U.S. at 678, *citing Twombly*, 550 U.S. at 555.

Other than the salacious claims in the complaint's lengthily paragraph 21, the remaining "allegations" relied on in plaintiff's opposition in paragraphs 28, 35, 47, and 48, are precisely the sort of formulaic recitation of conclusory allegations that the Supreme Court instructed this Court to ignore. It should do that here. Those allegations are not sufficient to state a claim against the City.

3

Similarly, even if the unrelated, decade old scandals put forth in paragraph 21 are found to be sufficiently factually detailed, none of those facts have any connection to the alleged misconduct of the officers here. Paragraph 21 alleges that police officers brought civil discrimination claims against the City, that an officer with no connection to this matter was suspended for misconduct unrelated to fabrication of evidence, that criminal charges—unrelated to evidence fabrication—against a former chief of police were ultimately dismissed, that a female officer brought sexual harassment claims against her superior, and that the former Civilian Police Director resigned for reasons that had nothing to do with the allegations here. None of those allegations support a claim that City had a policy for officers to fabricate evidence, that if failed to train its officers not to fabricate evidence or that it failed to address such claims when made.

In the absence of such allegations—plausible pleaded—plaintiff's *Monell* claim must be dismissed.

## CONCLUSION

For the reasons set forth above, it is respectfully submitted that defendants' motion should be granted and the that the Court should dismiss count two of the complaint against officers Bonsu and Koenig and the complaint in its entirety against the City of Hackensack.

4

Very truly yours,

 s/ Leonard Seaman
LEONARD E. SEAMAN

LES/me

cc:    All counsel (via CM/ECF)
       Client (via email)